IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-115-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARCUS TYRON BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

On February 23, 2009, pursuant to a plea agreement [D.E. 30], Marcus Tyron Berry ("Berry") pleaded guilty to conspiracy to possess with intent to distribute more than 5 grams of cocaine base (crack) and a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(a) and 846 (count one) and to possession of firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count two). See [D.E. 30] 4. On August 20, 2009, the court held a sentencing hearing and calculated Berry's advisory guideline range on count one as 210 to 262 months' imprisonment, and 120 months' imprisonment on count two. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Berry to 120 months' imprisonment on count one and 120 month's imprisonment on count two, to be served concurrently. See [D.E. 44].

On December 16, 2014, Berry moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. [D.E. 50]. Berry's new advisory guideline range for count one is 168 to 210 months' imprisonment, based on a total offense level of 33 and a criminal history category of III. See Resentencing Report. Berry requests a sentence of 96 months' imprisonment on counts one and two to be served concurrently. See id.

The court has discretion to reduce Berry's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574–75 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Berry's sentence, the court finds that Berry engaged in serious criminal behavior and possessed a firearm during the drug conspiracy. See PSR ¶¶ 6–8. Moreover, Berry is a recidivist drug dealer, has performed poorly on supervision, and has a history of violence. See id. ¶¶ 5, 11, 12. While incarcerated on his federal sentence, Berry has been sanctioned for possessing drugs/alcohol, possessing intoxicants, use of drugs/alcohol, and being absent from assignment. See Resentencing Report 1. Nonetheless, Berry has taken some positive steps while incarcerated on his federal sentence. See id. 2.

Having reviewed the entire record and all relevant policy statements, the court finds that Berry received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Berry's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and poor performance while incarcerated. Cf. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Thus, the court denies Berry's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Berry's motion for reduction of sentence [D.E. 50].

SO ORDERED. This 20 day of February 2017.

                                              JAMES C. DEVER III
                                              Chief United States District Judge